UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:26-cr-88-PGB-LHP

AARON STARBIRD

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE MISTAKE OF AGE, AND/OR A "CONSENT" DEFENSE**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, files this motion *in limine* to preclude a "mistake of age" or consent defense relating to the most serious charges against the defendant (coercion and enticement of a minor to engage in sexual activity and attempted coercion and enticement of a minor to engage in sexual activity).

**Background**

The Government believes that the following facts will be proven at trial: Beginning in or about October of 2021, and continuing through December of 2024, the defendant chatted with a 16-year-old child (Minor Victim-1) that he met online. The defendant engaged in a sexual relationship with Minor Victim-1. Minor Victim-1 and the defendant chatted via text and social media applications. In addition to the sexual activity, the defendant received and requested child pornography from Minor Victim-1. From in or about December of 2023, and continuing through on or about May 10, 2025, the defendant chatted with Minor Victim-2 who was 15 years old

when the two initially met. Dring this time frame the defendant engaged in sexually explicit conversations and activity with Minor Victim-2. The defendant met Minor Victim-2 on a social media application. Between March 22, 2024, and December 25, 2024, the defendant met and chatted with Minor Victim-3 on the social media application, Snapchat. Minor Victim-3 was 15 and 16 years old at the time. The defendant had sexually explicit conversation, discussed meeting in person for sexual activity, received child pornography, and sent sexual photographs to Minor Victim-3.

On March 12, 2026, the defendant was charged with Coercion Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b) by a criminal complaint. Doc. 1. On April 8, 2026, a federal grand jury returned a nine count indictment charging the defendant with: 1. Coercion Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b); 2. Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and 2; 3. Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); 4. Coercion Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b); 5. Attempted Coercion Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b); 6. Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); 7. Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); 8. Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and 9. Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) . Doc. 19. It is anticipated that the defendant may try to introduce

evidence suggesting that the defendant did not know the victim's age, such evidence would be irrelevant with respect to the most serious charges against the defendant coercion and enticement of a minor to engage in sexual activity and attempted coercion and enticement of a minor to engage in sexual activity. Additionally, it is anticipated that the defendant may try to indicate or argue through his attorney that the minor victims "consented" to a sexual relationship with the defendant, thus he is not guilty of coercion and enticement of a minor to engage in sexual activity and attempted coercion and enticement of a minor to engage in sexual activity as charged.

The government conferred with the defense regarding this motion. The defense does not object to the request.

**Memorandum of Law**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider. *See Luce v. United States,* 469 U.S. 38, 40 n.2 (1984); *United States v. Fernetus*, 838 F. App'x 426 (11th Cir. 2020). Relevant evidence is defined as evidence that has any tendency to make a fact more or less probable than it would be without the evidence if that fact is of consequence in determining the action. Fed. R. Evid. 401. Rule 401 has been interpreted to impose two requirements for admissibility: "'(1)[t]he evidence must be probative of the proposition it is offered to prove, and (2) the

proposition to be proved must be one that is of consequence to the determination of the action.'" *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1995) quoting *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. Unit A 1981). *See United States v. De Andre Smith*, 967 F.3d 1196, at 1205 (11th Cir. 2020) (district courts have broad discretion to admit evidence). Without exception, irrelevant evidence is not admissible. Fed. R. Evid. 402.

In addition to relevancy, admissibility turns on the probity and prejudice of the evidence in question. Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. *See United States v. Pirolli*, 673 F.2d 1200, 1203 (11th Cir. 1982)("Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance"); *see also United States v McGregor* 960 F.3d 1319, at 1324 (11th Cir. 2020) quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)("Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly circumscribed.'") (quotations omitted).

The Eleventh Circuit upheld the exclusion of defense evidence which the trial court saw as a "red herring" under both Rule 401, as irrelevant, and Rule 403, due to the risk of jury confusion, and held that the "trial court acted well within its discretion

'to exclude irrelevant, confusing and misleading evidence.'" *See United States v. Anderson*, 872 F.2d 1508, at 1515-1518 (11th Cir. 2008). The Eleventh Circuit also made clear that a defendant is required to follow the rules of evidence and procedure in presenting their defense. "There are necessary limits to this right and it is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *Id.* at 1519 (citations omitted).

## I. Mistake of Age

As of date, the government has not received any discovery from defense. However, it is undisputed that Minor Victim-1 initially met the defendant on a web-based application called "Sniffies". While the chats between the defendant and Minor Victim-1 do not include a discussion of age this application requires the user to confirm that he is 18 when installing the application. Additionally, the chats recovered between Minor Victim-2 and the defendant do not discuss Minor Victim-2's age. The same is true for the chats recovered between Minor Victim-3 and the defendant. In the event that the defense indicates or argues that the defendant's mistake of the minor victims' ages is a defense, the government would also move to exclude.

The Defendants' knowledge of the age of the victim is not an element of 18 U.S.C. §2422(b). Offense Instruction 92.2, of the Eleventh Circuit's Pattern Jury

Instructions, provides four essential elements for a prosecution like this.[1] Those elements are:

(1) The defendant knowingly persuaded, induced, enticed, or coerced the Individual named in the information to engage in sexual activity, as charged;
(2) The defendant used the internet or a cellphone to do so;
(3) When the defendant did these acts, the individual named in the indictment was less than 18 years old; and
(4) One or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

Eleventh Cir. Pattern Jury Instr., Offense Instr. 92.2 (2026). The commentary to that instruction notes,

> See United States v. Daniels, 685 F.3d 1237, 1248 (11th Cir. 2012), cert. denied, 133 S. Ct. 1240 (2013), (holding that a defendant's knowledge of a victim's age is not an element of an offense under § 2422(b)); U.S. v. Cox, 577 F.3d 833 (7th Cir. 2009) (holding that 18 U.S.C. § 2423(a), a statute which the Committee finds to be substantively similar, does not require the Government to prove that the Defendant knew that the victim was under the age of 18).

Therefore, knowledge of the minor victim's age is not an essential element of Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b). Hence, mistake of age is not a defense as to the charge of enticement making the evidence irrelevant and the defense precluded. In this case, the defendant's knowledge or belief about the minor victim's age is simply not relevant evidence, as it would not have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. *See*

[1] There is an additional element for count five because it is charged as an attempt. The fifth element states: the Defendant took a substantial step towards committing the offense.

Fed. R. Evid. 401. Because it is irrelevant, it is not admissible at trial. *See* Fed. R. Evid. 402; *see also United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989).

**II. Consent**

The government anticipates that consent will be argued by the defendant because the defendant never physically forced any of the minor victims to engage in sexual activity with him. The government does not have to prove, nor does it intend to argue that the defendant physically forced the minor victims to engage in sexual activity. There are several other prongs for enticement, such as induce, persuade, and entice – only one of which needs to be proven- and neither require physical force or coercion.

The defendant should be barred from introducing any evidence, asking any questions, or making any argument regarding the minor victims consenting to engage in sexual activity with the defendant. The indictment makes it clear that the criminal offenses the defendant could be charged with are unlawful sexual activity with certain minors, and lewd or lascivious battery, respectively, in violation of Florida Statutes §§ 794.05(1) and 800.04(4)(a). Doc. 19. According to Florida statute § 794.05(1) a person 24 years old or older who engages in sexual activity with a person 16 or 17 years old commits a felony. *See* Westlaw's F.S.A. § 794.05(1). Per Florida statute § 800.04(4)(a)(1) and (2), it is illegal for a person to engage in sexual activity with a person 12 years of age or older but less than 16 years old. *See* Westlaw's F.S.A. § 800.04(4)(a)(1) and (2). Minor Victim-1, Minor Victim-2, and Minor Victim-3 were under the age of 18 during the charged conduct; thus, they could not

legally consent to engage in sexual activity with the defendant who was well over the age of 24 during each interaction.

Consent is not a required element for the crime of coercion and enticement of a minor to engage in sexual activity. In fact, based on the law the minor victim in this case could not consent to engage in the sexual activity that occurred. Since consent is impossible in this case and is clearly not a defense to the offense conduct, allowing the defense to argue and/or imply otherwise would only serve to confuse the issues in the case and invite jury nullification.

WHEREFORE, it is respectfully requested that this Honorable Court grant the United States' Motion *In Limine*.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ *Courtney D. Richardson-Jones*
Courtney D. Richardson-Jones
Assistant United States Attorney
Florida Bar No.: 91608
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: courtney.richardson-jones@usdoj.gov

**U.S. v. AARON STARBIRD** **CASE NO. 6:26-cr-88-PGB-LHP**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aziza Hawthorne, Esq.
Attorney for Defendant

By: */s/ Courtney D. Richardson-Jones*
Courtney D. Richardson-Jones
Assistant United States Attorney
Florida Bar No.: 91608
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: courtney.richardson-jones@usdoj.gov